Richard H. **FILLMORE,**
et al., **Plaintiff,**

v.

**BRUSH WELLMAN, INC., Defendant.**

No. 3:02 CV 7598.

United States District Court,
N.D. Ohio,
Western Division.

Feb. 5, 2003.

Robert S. Faxon, Jones, Day, Reavis & Pogue, Denise M. Hasbrook, Roetzel & Andress, Jeffrey W. Saks, Jones, Day, Reavis & Pogue, Jeffery D. Ubersax, Jones, Day, Reavis & Pogue, Cleveland, OH, for Brush Wellman, Inc.

George E. Gerken, Andrew S. Lipton, Toledo, OH, for Ralph Whitaker, Richard H. Fillmore, Richard Knauss, Sr., Terry J. Jacobs and Steven L. Musser.

*MEMORANDUM OPINION*

KATZ, District Judge.

Defendant has filed a motion to dismiss on the basis that Plaintiffs' claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* As set forth below, this Court lacks subject matter jurisdiction and the matter will be remanded to the Ottawa County Court of Common Pleas.

## I. BACKGROUND

Plaintiffs in the instant action contracted chronic beryllium disease ("CBD") while working at Defendant Brush Wellman's beryllium processing plant in Elmore, Ohio. After Plaintiffs filed suit in state court to recover for their injuries, the parties entered into a settlement agreement, under which Defendant extended to Plaintiffs the benefits of the company's CBD Policy and also agreed to make certain payments. These Plaintiffs were recently informed that their pay and benefits would be terminated as of December 27, 2002 and were compelled to accept a one year buy-out provision set forth in the CBD Policy.

Plaintiffs assert that the settlement agreement provides rights beyond those set forth in the CBD Policy. It is these allegedly more expansive settlement agreement rights that Plaintiffs seek to enforce. Under Plaintiffs' interpretation of the settlement agreement, the agreement requires Defendant to provide certain rights that are otherwise merely discretionary benefits under the CBD Policy for nonsignatories to the settlement agreement. Plaintiffs further complain that the forced buy-out violates the settlement agreement by cutting short the time frame in which Plaintiffs were given, under the settlement agreement, to avail themselves of the buy-out option. Plaintiffs have filed suit and a motion for injunctive relief.

Plaintiffs originally filed suit and a motion for injunctive relief in the Ottawa County Court of Common Pleas. Defendant removed the action invoking federal question jurisdiction. Defendant reasons that while the Complaint asserts only state law claims, such claims are in essence ERISA claims subject to this Court's jurisdiction pursuant to 29 U.S.C. § 1332 and 28 U.S.C. § 1331. After removal, Defendant filed a motion to dismiss asserting that Plaintiffs claims are preempted by ERISA.

### A. Removal

Generally, a defendant may remove to a federal district court any civil action brought in a state court of which the district court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "[D]istrict courts have original jurisdiction under the federal question statute over cases 'arising under the Constitution, laws, or treaties of the United States.'" *Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) (quoting 28 U.S.C. § 1331). " 'It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.'" *Id.* (citation omitted).

Under the "well-pleaded complaint rule," " 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). The complaint gives rise to federal jurisdiction only if one or more claims "will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *Gully v. First Nat'l Bank in Me-*

*ridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936). "A district court's federal question jurisdiction ... extends over 'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,' in that 'federal law is a necessary element of one of the well-pleaded ... claims.'" *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 808, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The determination of what is necessary or essential to a claim is decided with reference only to " 'what necessarily appears in the plaintiff's statement of his own claims in the bill or declaration unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'" *Franchise Tax,* 463 U.S. at 10, 103 S.Ct. 2841 (citation omitted). As instructed by the Supreme Court:

> [It is not] "necessarily sufficient that a well-pleaded claim alleges a single theory under which resolution of a [federal]-law question is essential. If 'on the face of a well-pleaded complaint there are ... reasons completely unrelated to the provisions and purposes of ... [the federal law] why the [plaintiff] may or may not be entitled to the relief it seeks,' then the claim does not 'arise under' those laws. Thus, a claim supported by alternative theories in the complaint may not form the basis for [federal question] jurisdiction unless [federal] law is essential to each of those theories."

*Christianson,* 486 U.S. at 810, 108 S.Ct. 2166 (citations omitted).

■■■ The doctrine of complete preemption operates as a corollary to the well pleaded compliant rule. · As explained in *Metropolitan Life,* "Congress may so completely pre-empt a particular · area, that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In the ERISA context,

> [T]o come within the exception [to the well-pleaded complaint rule] a court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," as provided in § 1132(a)(1)(B).

*Warner v. Ford Motor Co.,* 46 F.3d 531, 534 (6th Cir.1995).

## B.   ERISA Preemption

■■■ Under ERISA, any state law "relating to" an ERISA plan is preempted. 29 U.S.C. § 1144(a) ("Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"). However,

> [P]reemption and complete preemption are distinguishable concepts. Simply because a claim is preempted by ERISA does not mean it is automatically removable. According to *Metropolitan Life,* "ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law." A state claim may be preempted by ERISA; however, it is not removable unless it is completely preempted by ERISA.

*Wright v. Gen. Motors Corp.,* 262 F.3d 610, 614 (6th Cir.2001) (internal citation omit-

ted) (quoting *Metro. Life*, 481 U.S. at 64, 107 S.Ct. 1542). Accordingly, this Court has jurisdiction only if Plaintiffs' claims are subject to complete preemption. The action is subject to complete preemption only if the claim falls within the ambit of ERISA's civil enforcement provision, 29 U.S.C. § 1132.

In the instant action, while the alleged breach of the settlement agreement has resulted in the loss of CBD Policy and other benefits, this action originates from Defendant's alleged breach of the settlement agreement. The rights sought to be enforced by the Plaintiffs do not directly originate with the CBD, under which the plaintiffs *might* have been offered one of three post-CBD diagnosis options, *i.e.*, continued employment, alternative employment, or leaving with one-year of benefits.[1] Instead, Plaintiffs seek to enforce the terms of the settlement agreement, under which Defendant apparently was *required* to provide Plaintiffs with the option of leaving with one year of benefits, a benefit that by Defendant's own interpretation of the CDB policy was otherwise discretionary under the CDB policy for nonsignatories to the settlement agreement.[2] Under the settlement agreement, Defendant was further required to give Plaintiffs ten years from the date of diagnosis in which to exercise this right.[3] Similarly, whether the settlement requires Defendant to offer continued employment to the Plaintiffs, or whether Plaintiffs instead can avail themselves of this alternative only as set forth in the CBD policy, is a matter of interpretation of the settlement agreement language, not that of the CBD plan. Though Plaintiffs may later challenge whether the CBD policy itself, as opposed to the more expansive terms of the settlement agreement, present the benefits as a mandatory, as opposed to permissive option, they have not so characterized their claims in the instant action.

The foregoing distinctions are fine, but they ultimately compel the Court to conclude that the instant action is not properly characterized as a § 1132 civil enforcement action. The Court makes its ruling cognizant that while § 1144 preemption is construed broadly, § 1132 complete preemption is applied narrowly, particularly in the instance where the face of the complaint itself alleges no federal claim. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. at 65, 107 S.Ct. 1542; *Warner*, 46 F.3d at 534. As the Court has determined that the instant claims are not properly characterized as § 1132 claims, the action is not subject to complete preemption and this Court lacks subject matter jurisdiction. Lacking subject matter jurisdiction, this

---

1. As noted by Defendant, pursuant to the wording of the CBD policy, the company was not required to offer these alternatives; rather, such options *could* be offered at the company's discretion. The policy provides that "Upon receiving confirmation of a diagnosis of CBD from the medical director, an eligible employee who is *"able to work" may* be offered the following employment opportunities." Def.'s Mot., Ex. A. at 6 (emphasis added) (italics in original).

2. It does not escape the Court's attention that Defendants have interpreted the settlement agreement as encompassing the permissive language of the CBD with respect to the one year of benefits option. However, the plain language of the settlement agreement provides:

> Notwithstanding the five-year time limit imposed under Section III.A. of the CBD Policy, those Plaintiff-employees who have not already exercised the option to leave Brush with one year of benefits ... *shall* have ten years from the date of this release to exercise the option to leave Brush with one year of benefits....

Compl. Ex. A. at 5, ¶ 8 (emphasis added).

3. In the CBD policy, even if an employee were offered the one year of benefits option, the employee would have only five years after the date of diagnosis in which to exercise this option.

Court has no occasion to determine whether the Defendant's CBD Policy is indeed an ERISA plan, and if so, whether Plaintiffs' claims are subject to § 1144 preemption.

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1447(c), this matter will be remanded to the Court of Common Pleas of Ottawa County, Ohio.

IT IS SO ORDERED.

## JUDGMENT ENTRY

For the reasons set forth in the memorandum opinion filed contemporaneously with this entry, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this case is remanded to the Court of Common Pleas of Ottawa County, Ohio.