**Yoram LEVY, Derivatively on Behalf of Nominal Defendant UnumProvident Corp., Plaintiff,**

v.

**J. Harold CHANDLER, et al., Defendants.**

**Guy Patterson, Derivatively on Behalf of Nominal Defendant UnumProvident Corp., Plaintiff,**

v.

**J. Harold Chandler, et al., Defendants.**

Nos. 1:03–CV–103, 1:03–CV–109.

United States District Court, E.D. Tennessee.

Oct. 17, 2003.

John R. Morgan, Poole, Thornbury & Morgan, Chattanooga, TN, for plaintiff Yoram Levy.

John P. Konvalinka, Susan Kerr Lee, Grant, Konvalinka & Harrison, PC, William H. Horton, and Michael A. Anderson, Horton, Maddox & Anderson, PLLC, Chattanooga, TN, for defendants.

John C. Cavett, Jr., Cavett & Abbott, Chattanooga, TN, for plaintiff Guy Patterson.

## MEMORANDUM

COLLIER, District Judge.

Before the Court are the consolidated motions of Plaintiffs Yoram Levy and Guy Patterson[1] to remand their respective actions to Tennessee chancery court (Court File No. 5). The Defendants collectively filed their Objections (Court File No. 8) and the Plaintiffs responded with a Reply (Court File No. 11). For the reasons stated below, the Court will **DENY** Plaintiffs' motions to remand.

## I. STANDARD OF REVIEW

■■■■ A defendant may remove to federal court any civil action initially filed in state court where the cause of action is one over which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over all cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, a case does not "arise under" federal law and is not removable if the complaint asserts only state law causes of action. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983).

Even the presence of an obvious or anticipated federal defense, including a defense of preemption, is insufficient to make a case removable to federal court. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987). Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint "establish[ing] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,' in that 'federal law is a necessary element of one of the well-pleaded ... claims.'" *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 808, 108 S.Ct. 2166, 2173–74, 100 L.Ed.2d 811 (1988) (quoting *Franchise Tax Bd.,* 463 U.S. at 27–28, 13, 103 S.Ct. at 2856).

■■ However, as an exception to the "well-pleaded complaint" rule, the Supreme Court has provided Congress may "so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). Thus, a claim may pose a federal question and be removable to federal court even though no issue of federal law is apparent from the face of the complaint. *Id.* Because the complete preemption exception to the "well-pleaded complaint" rule has the extraordinary effect of converting an ordinary state law claim into one stating a federal claim, the scope of the exemption for removal is narrow. *Warner v. Ford Motor Co.,* 46 F.3d 531, 535 (6th Cir.1995) (citing *Taylor,* 481 U.S. at 65, 107 S.Ct. at 1547).

---

**1.** Because all filings regarding Plaintiffs' instant motions are identical in content and are listed in the same position on each individual case's docket sheet, citations to the record are intended to refer to both cases (*e.g.,* "Court File No. 5"). Where the Court intends to cite the record of only one of the two cases, the Court will include the individual plaintiffs' name (*e.g.,* "Levy Court File No. 1").

## II. *RELEVANT FACTS*

UnumProvident Corp. ("UnumProvident") is a Delaware corporation with its principal place of business in Chattanooga, Tennessee. UnumProvident is the parent company of a number of insurance companies operating throughout the United States and abroad. Through its subsidiaries, the company provides a wide range of group and individual insurance products including disability insurance, life insurance, long-term care insurance, and payroll-deducted voluntary benefits plans offered by employers to their employees.

Plaintiffs bring derivative actions as shareholders of UnumProvident on behalf of the company and against certain of its officers and directors alleging violations of various fiduciary duties under Tennessee law. Specifically, Plaintiffs allege Defendants caused the company to adopt inappropriate and illegal claims processing procedures that artificially inflated the company's financial results and stock price, exposed the company to costly lawsuits, damaged the company's corporate image and goodwill, and significantly hindered its ability to raise capital for the foreseeable future. The Plaintiffs additionally allege prohibited insider trading activity on the part of certain individual defendants. The Plaintiffs seek damages and equitable relief on behalf of UnumProvident on the theory Defendants are liable under Tennessee corporation law because their actions constitute abuse of control, gross mismanagement, waste of corporate assets, unjust enrichment, and violations of various fiduciary duties including the duties of good faith, fair dealing, loyalty, and due care.

Plaintiffs both filed their respective actions in the Chancery Court for the State of Tennessee, Eleventh Judicial District, at Chattanooga. Plaintiff Levy filed her complaint on March 4, 2003 (Levy Court File No. 1 Attch.) and Plaintiff Patterson filed his lawsuit on March 10, 2003 (Patterson Court File No. 1 Attch.). Defendants removed the Levy case to federal court on April 2, 2003 (Levy Court File No. 1) and did likewise with the Patterson case on April 4, 2003 (Patterson Court File No. 1). Because their complaints are largely similar and the notices of removal filed by Defendants were "substantially identical," Plaintiffs Levy and Patterson simultaneously filed identical motions accompanied by supporting memoranda seeking to remand their respective cases to state court (Court File Nos. 5, 6). The Defendants filed their Objections (Court File No. 8) and Plaintiffs filed a Reply (Court File No. 11).

Defendants filed a Motion for Transfer and Coordination or Consolidation with the Judicial Panel on Multidistrict Litigation ("MDL Panel") seeking to consolidate pretrial matters in Plaintiffs' cases with other pending actions against UnumProvident and its officers and directors alleging securities fraud and breaches of various fiduciary duties under the Employee Retirement Security Income Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. Defendants provided Plaintiffs with notice of this motion on May 16, 2003 (Court File No. 9). On September 2, 2003, the MDL Panel granted Defendants' motion and consolidated Plaintiffs' cases with fifteen other lawsuits filed in various district courts around the country and transferred those actions to this Court for coordinated pretrial proceedings.

## III. *DISCUSSION*

Defendants removed the present derivative actions to federal court claiming Plaintiffs' state law claims were completely preempted by ERISA (Court File No. 1, Notice of Removal ¶ 9). Plaintiffs disagree, arguing their "wholly state law actions" do not require the resolution of any

questions of federal law and the standard for removal under ERISA has not been met in their cases (Court File No. 6, p. 3).

Enacted in 1974, ERISA regulates employee investment, pension, and health benefit plans by setting certain minimum standards for participation, vesting, and funding, and imposing various fiduciary duties on those who manage such plans. In enacting ERISA, Congress sought to protect and strengthen the rights of employees, enforce uniform fiduciary standards, and encourage employers to create and maintain benefit plans for their employees. *See* 29 U.S.C. §§ 1001, 1001b. Congress believed these goals would be best served by establishing an exclusive body of federal law regulating such plans. Therefore, ERISA preempts any state laws or regulations that "relate to" employee benefit plans. 29 U.S.C. § 1144(a). *See also Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983) (holding to relate to a benefit plan, a law need only have "a connection with or reference to such a plan"). ERISA preemption is "deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45–46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987). The only exception to the broad scope of ERISA preemption is for state laws regulating "insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A); *Ky. Ass'n of Health*

*Plans, Inc. v. Miller*, —— U.S. ——, 123 S.Ct. 1471, 1474, 155 L.Ed.2d 468 (2003).

■ Plaintiffs' claims clearly "relate to" ERISA plans within the meaning of § 1144(a) and are therefore preempted. *See McSharry v. Unumprovident Corp.*, 237 F.Supp.2d 875, 880 (E.D.Tenn.2002) (holding ERISA preempted state whistleblower claims where ERISA created a substantive element of plaintiff's state law cause of action and claim turned on fiduciary duties imposed by ERISA). Despite their protestations to the contrary (*see* Court File No. 6, p. 17), the conduct underlying Plaintiffs' claims cannot be severed from the administration of employee benefits plans. Plaintiffs' state law claims are predicated primarily on the Defendants' alleged violation and/or total disregard of the fiduciary duties imposed by ERISA.[2] The violations of Tennessee corporate fiduciary duties are premised almost entirely on the fact of the ERISA fiduciary duty violations and management's subsequent failure to halt or disclose those violations. If there were no ERISA violations, there was no duty to halt or disclose anything and, therefore, no state law fiduciary violations. Thus, the violation of ERISA fiduciary duties is an essential element to Plaintiffs' claims. Plaintiffs do additionally allege Defendants improperly accounted for certain investments and engaged in other violations of generally accepted accounting principles ("GAAP"),[3] but the predominant focus of

**2.** While all the plans administered by Unum-Provident were certainly not ERISA plans, the Court believes a significant majority were and Plaintiffs have presented no evidence to contradict this understanding. Moreover, even where particular plans were not technically ERISA plans, questions of ERISA law are still implicated. For example, Plaintiffs allege Defendants affirmatively misrepresented the legal status of certain UnumProvident products by telling particular customers their

plans were ERISA plans when, in fact, they were not (Levy Court File No. 1, Complaint ¶ 43). Whether a particular plan was or was not an ERISA plan would necessarily require the application and interpretation of ERISA.

**3.** GAAP are a widely accepted set of rules, conventions, standards, and procedures for the proper reporting of financial information promulgated by the Financial Accounting Standards Board.

the complaint are the allegedly unlawful claims processing practices.

■ However, just because a state law claim is preempted by ERISA does not mean that claim is necessarily removable pursuant to the complete preemption exception to the well-pleaded complaint rule. *Taylor*, 481 U.S. at 64, 107 S.Ct. at 1547. "Removal and preemption are two distinct concepts" to which different methods of analysis apply. *Warner*, 46 F.3d at 535. Only where a claim is completely preempted will ERISA displace a particular state statutory or common law cause of action with a federal question claim, vesting removal jurisdiction in the federal courts. *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 614 (6th Cir.2001). Section 1144 preempts state laws to the extent they "relate to" matters governed by ERISA, but § 1144 does not create a federal cause of action for matters which only "relate to" ERISA's field of concern. ERISA preemption, without more, does not convert a state claim into an action arising under federal law. *Franchise Tax Bd.*, 463 U.S. at 25–27, 103 S.Ct. at 2854–56. To be removable, a state law claim must be "completely preempted."

■ There is no single, universally accepted test for determining whether a state law claim is so completely preempted as to be displaced by ERISA. In contrast to general ERISA preemption, which is interpreted broadly, the complete preemption exception to the well-pleaded complaint rule is to be applied very narrowly. *See Taylor*, 481 U.S. at 65, 107 S.Ct. at 1547. Within the context of ERISA, the outer bounds of the complete preemption exception appear to be encompassed by ERISA's civil enforcement provision, 29 U.S.C. § 1132(a). *Id.* at 65–66, 107 S.Ct. at 1547–48 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of [§ 1132(a) ] removable to federal court."). Thus, ERISA only converts ordinary state law claims into federal claims where Congress has explicitly intended to do so by providing for a federal cause of action. *Id.* at 66, 107 S.Ct. at 1548 ("[T]he touchstone of the federal district court's removal jurisdiction is . . . the intent of Congress.").

■ It is less clear, however, what further restrictions, if any, apply to removal preemption under ERISA. Courts have formulated a variety of differing tests to apply in such situations.[4] The United States Court of Appeals for the Sixth Circuit has taken an expansive approach and "repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir.1991), *cert. denied*, 505 U.S. 1233, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992). Thus, any claim that "falls within the ambit of ERISA's civil enforcement provision" is removable to federal court, even if the claim does not

---

**4.** *See, e.g., Reliable Home Health Care, Inc. v. Union Cent. Ins. Co.*, 295 F.3d 505, 515–16 (5th Cir.2002) (holding state law claims are preempted where underlying conduct cannot be severed from the creation, operation, and subsequent failure of an ERISA plan); *Arizona State Carpenters Pension Trust Fund v. Citibank (Arizona)*, 125 F.3d 715, 724 (9th Cir.1997) (holding state law claims are not preempted where they fall outside scope of explicit congressional preemption, arise from state laws of general application, do not de-

pend upon ERISA, and do not affect the relationships between principal ERISA participants); *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1466–73 (4th Cir.1996) (holding state law claim not preempted where state law does not mandate employee benefit structures or their administration, preclude uniform administrative practice, provide an alternate ERISA enforcement mechanism, or implicate relations among traditional ERISA plan entities).

explicitly reference ERISA. *Fillmore v. Brush Wellman, Inc.*, 243 F.Supp.2d 758, 762 (N.D.Ohio 2003).

Nevertheless, the Sixth Circuit has recognized limitations on the application of the complete preemption exception where the effects of state law claims on employee benefits plans are merely "tenuous, remote, or peripheral." *Cromwell*, 944 F.2d at 1276. *See also Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983). For example, ERISA does not preempt a state law claim where a plaintiff merely refers to a benefit plan to prove an element of his or her claim or to articulate "specific ascertainable damages." *Wright*, 262 F.3d at 615. In deciding whether state law claims are preempted by ERISA, courts are to focus on the nature of the remedy sought by the plaintiffs. *Lion's Volunteer Blind Indus., Inc. v. Auto. Group Admin., Inc.*, 195 F.3d 803, 806-07 (6th Cir.1999) (holding dispositive issue in ERISA preemption cases is not the timing of the alleged misconduct, but the kind of relief sought); *Perry v. P*I*E Nationwide, Inc.*, 872 F.2d 157, 162 (6th Cir.1989) (finding no ERISA preemption where § 1132 did not provide a remedy of the type sought by plaintiffs). Thus, ERISA completely preempts any state cause of action seeking relief similar to that provided for by ERISA's civil enforcement provision, "regardless of how artfully the complaint is pleaded as a state law claim." *McSharry*, 237 F.Supp.2d at 881. *See also Cromwell*, 944 F.2d at 1276 ("It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit.").

Therefore, removal of Plaintiffs' state law derivative actions will be warranted if those state law claims can be characterized as § 1132 enforcement actions.[5] *Fillmore*, 243 F.Supp.2d at 761-62. Through their various state law claims, Plaintiffs seek (1) damages in favor of UnumProvident for breaches of fiduciary duties, abuse of control, gross mismanagement, waste, and unjust enrichment; (2) equitable and/or injunctive relief imposing a constructive trust on insider trading proceeds; (3) restitution and/or disgorgement of all "profits, benefits and other compensation"; and (4) costs and fees (Court File No. 1, Complaint, p. 39). In effect, Plaintiffs are asking the Court to make right the harms inflicted on the corporation by Defendants' dealings.

Plaintiffs' claims, as the Court understands them, can be divided into two broad categories, each applying to two equally broad sets of operative facts. The first set of operative facts encompass Defendants' alleged operation of a defective claims handling process in violation of "federal insurance laws" (*i.e.*, ERISA) (Levy Court File No. 1, Complaint ¶¶ 40-51; Patterson Court File No. 1, Complaint ¶¶ 40 50). The second set of operative facts involve Defendants' alleged improper accounting for investments under GAAP (Levy Court File No. 1, Complaint ¶¶ 61-70; Patterson Court File No. 1, Complaint ¶¶ 60-69). Both sets of facts in turn support two broad sets of legal claims. The first set includes the abuse of control, gross mismanagement, duty of care, duty of good

---

5. Citing *Taylor*, Plaintiffs erroneously assert the cause of action for recovery of benefits provided to participants and beneficiaries in § 1132(a)(1)(B) is the *only* example of complete preemption under ERISA (*see* Court File No. 6, p. 13). Section 1132 provides for nine other types of civil enforcement actions, all of which can operate to preempt various state

law claims. The facts of *Taylor* involved a state law action to recover benefits, but the Supreme Court's reasoning applies equally to all the causes of action provided for by § 1132(a). *See Taylor*, 481 U.S. at 65-66, 107 S.Ct. at 1547. *See also Smith v. Provident Bank*, 170 F.3d 609, 613 (6th Cir.1999).

faith, and duty of fair dealing claims, all of which contemplate Defendants' active engagement in the challenged activities or the adoption, promotion, acquiescence, or concealment thereof. The second set includes the insider trading, duty of loyalty, unjust enrichment, and waste of corporate assets claims and all deal with Defendants' individual or collective actions based on or in response to the existence of the continuing conduct underlying the first set of claims. The cumulative result of these actions was the concealment of adverse information about UnumProvident's operations, financial condition, and future business prospects and the propagation of materially misleading financial statements in 2001 and 2002 (Levy Court File No. 1, Complaint ¶¶ 52–60; Patterson Court File No. 1, Complaint ¶¶ 50–59).

■ Under the first set of operative facts (improper denial of claims), the nature of the remedies sought by Plaintiffs are clearly within the ambit of ERISA's civil enforcement provision. The conduct underlying the claims is inseparable from the fiduciary duties imposed by ERISA. Sections 1132(a)(2) and (3) allow recovery from individual fiduciaries for losses to the plan attributable to breaches of ERISA fiduciary duties, restoration of profits made by the breaching fiduciary through use of the plan's assets, and any other equitable or remedial relief a court deems appropriate to redress violations of the fiduciary duties imposed by ERISA.[6] *See* 29 U.S.C. §§ 1109(a), 1132(a)(2), 1132(a)(3). Plaintiffs seek to stop Defendants' allegedly improper activities, compel the Defendants' to provide remuneration in the interests of equity and justice, and prevent Defendants from personally profiting from their conduct. Remedies of this sort are expressly contemplated by ERISA's civil enforcement provision. Therefore, to the extent Plaintiffs' claims are based on the first set of operative facts described above, they are completely preempted by ERISA and displaced with the causes of action available under §§ 1132(a)(2) and (3).

■ Plaintiffs' lawsuit is not, as Plaintiffs contend, exclusively concerned with the relationship between a publicly-held corporation and its shareholders. Shareholder derivative actions are by definition concerned with the relationship between the corporation and some other party.[7] Here, the focus of the derivative

---

**6.** The Court notes Plaintiffs, in their individual capacities, would not have standing to bring suit under any of the provisions of § 1132(a) because they do not fall into one of the four enumerated categories of parties entitled to sue under ERISA: (1) the Secretary of Labor, (2) plan participants, (3) beneficiaries, or (4) fiduciaries. However, because Plaintiffs are suing derivatively on behalf of UnumProvident, Plaintiffs are entitled to assert the claims available to the company as a fiduciary under §§ 1132(a)(2) and (3). However, even if Plaintiffs did not have standing under § 1132(a), the question of whether federal jurisdiction exists is separate and independent of the question of the nature of the relief available once jurisdiction attaches. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 n. 4, 107 S.Ct. 2425, 2429 n. 4, 96 L.Ed.2d 318 (1987); *Cromwell*, 944 F.2d at 1276 ("Nor is it relevant to an analysis of the scope of federal preemption that appellants may be left without a remedy.").

**7.** At least one court has held the mere fact a plaintiff's suit is brought as a derivative action is not enough to create standing to assert an ERISA claim. *Schrader v. Hamilton*, 959 F.Supp. 1205, 1207 (C.D.Cal.1997). In *Schrader*, the court held the "carefully circumscribed list of parties with standing to sue under ERISA" was intended to be exclusive and, therefore, derivative standing should only be allowed when it furthers the goals of ERISA. *Id.* at 1210–11. Because the corporation in that case had already agreed to compensate the ERISA plan at issue with money from the corporate treasury, the court concluded allowing the shareholder derivative action to be converted into an ERISA claim would do nothing to protect the plan or its beneficiaries or encourage employers to offer

action is the relationship between the corporation and its officers and directors. Shareholder derivative actions are designed to empower shareholders to ensure the corporation is acting in its best interests and prevent management from capturing the corporate entity to the detriment of stockholders. Although the derivative action is a tool by which the relationship between shareholder and corporation is defined, shareholder derivative actions themselves are concerned with dealings between the corporation and some other party. UnumProvident is an ERISA fiduciary, as are its employees. Therefore, Plaintiffs' shareholder derivative action is centered on the relationship between two ERISA fiduciaries and, indirectly, on the relationship between those fiduciaries and the beneficiaries of the plans they administer. At a fundamental level, Plaintiffs' allege violations of various state law fiduciary duties in connection with the administration of numerous ERISA plans. This is not to say ERISA automatically preempts all state corporate or securities law claims brought against companies in the business of administering ERISA plans. Such a result would force courts to develop a federal common law of corporations, a result clearly not envisioned by ERISA. *See Metro. Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 740, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985) ("We also must presume that Congress did not intend to preempt areas of traditional state regulation."). However, where a state corporation or securities law claim is premised upon a defendant's conduct in administrating employee bene-

fits plans, ERISA's full preemptive force must apply.

■ To the extent, however, Plaintiffs' claims are based on the second set of operative facts (alleged GAAP violations), those claims are not completely preempted. As to the claims based on those facts, the nature of the remedy being sought has little, if any, bearing on Defendants' activities vis-à-vis ERISA. Whether or not Defendants were engaged in a conspiracy, common design, or common course of conduct to violate ERISA fiduciary duties is wholly irrelevant to the question of whether the Defendants improperly accounted for non-temporary impairments on investments. Thus, the remedy sought by Plaintiffs in connection with these claims are exclusively within the province of the Tennessee law of corporations. Moreover, aside from the general preference of plan participants and beneficiaries that the company administrating their ERISA plans remain stable and comply with corporate and securities laws, there is no indication these claims implicate the purposes served by ERISA. Accordingly, ERISA will not operate to displace Plaintiffs' claims as to the second set of operative facts. Nevertheless, because Plaintiffs' remaining state law claims are sufficiently related to Plaintiffs' preempted claims to form part of the same case or controversy, the Court will exercise its supplemental jurisdiction to keep all of Plaintiffs' claims in federal court. 28 U.S.C. § 1367(a).

## IV. CONCLUSION

Because the bulk of Plaintiffs' state law causes of action assert claims based on

---

employee benefits plans and remanded the case to state court. *Id.* at 1211–12. Although not bound in any way by *Schrader,* the Court notes the present case does not present such a factual situation. Here, the various plans administered by UnumProvident have not been

compensated in any way. Thus, this is not an action by one fiduciary for contribution from another, but an action in the first instance to cure the harm produced by a series of breaches of ERISA fiduciary duties.

alleged misconduct growing out of the administration of ERISA plans, those claims are completely preempted by ERISA and, therefore, removable to federal district court. Accordingly, the Court will **DENY** Plaintiffs' Motions to Remand and retain jurisdiction over both their shareholder derivative actions.

An Order shall enter.

### ORDER

For the reasons stated in the accompanying Memorandum, the Court **DENIES** Plaintiffs' Motions to Remand their cases to state court (Levy Court File No. 5, Patterson Court File No. 5).

**SO ORDERED.**